IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DON SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:11CV0079 SWW |
| | * | |
| | * | |
| TIMOTHY WALLEY and | * | |
| STATE FARM FIRE AND CASUALTY | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff William Don Smith brings this action for civil damages against Timothy Walley and State Farm Fire and Casualty Company (State Farm) alleging that he began investing in State Farm at the behest of Walley, at the time an agent for State Farm, but that he subsequently learned in 2010 that Walley was operating a "Ponzi/Madoff scheme under State Farm's umbrella." Plaintiff asserts fraud, tort of outrage, breach of contract, and Arkansas's crime victims civil liability statute (Ark. Code Ann. § 16-118-107) against Walley, and breach of contract, negligence, negligent supervision and negligent retention against State Farm.

This action was originally filed in the Circuit Court of Pulaski County, Arkansas, but was removed to this Court by State Farm on the basis of diversity jurisdiction. The matter is now before the Court on motion of plaintiff to remand to state court [doc.#5]. State Farm has responded in opposition to plaintiff's motion to remand and plaintiff has filed a reply to State Farm's response. Plaintiff has also filed a motion to strike and motion for copy of statement of Timothy Walley [doc.#9]. State Farm has responded in opposition to plaintiff's motion to strike and for copy of statement and plaintiff has filed a reply to State Farm's response. For the

reasons that follow, the Court denies plaintiff's motion to remand, denies plaintiff's motion to strike, and denies without prejudice plaintiff's motion for copy of statement.

I

Plaintiff argues that Walley's domicile and residence is in Arkansas as evidenced by the fact that Walley "submitted to the jurisdiction of the Arkansas Insurance Commission and was sanctioned." Plaintiff further argues that "[a]pparently, after defendant Walley lost his insurance license he moved from Arkansas to his parents' house in Richton, Mississippi" and that he moved to avoid civil process and criminal prosecution. Plaintiff argues that Walley's domicile is in Arkansas and there is thus not complete diversity between the parties.

Removal is proper only if this Court would have had original subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over those cases "arising under the Constitution, laws, or treaties of the United States," and over those cases involving citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court. *Central Iowa Power Co-op. v. Midwest Independent Transmission Sys. Op., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000)). Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction. *Id.* (citing *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002)). All doubts about federal jurisdiction must be resolved in favor of remand. *Id.* (citing *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir.2007)).

The Court finds that State Farm has established subject matter jurisdiction given that at

the time of the filing of the complaint and at the present time, plaintiff was and is a citizen and resident of the state of Arkansas, defendant Walley was and is domiciled in Mississippi, State Farm was and is an insurance company incorporated in and having its principal place of business in the state of Illinois, and plaintiff seeks damages in excess of $75,000. There thus is complete diversity of citizenship between the parties with the requisite amount in controversy.

The Court rejects plaintiff's argument that Walley is actually domiciled in Arkansas. State Farm has submitted an excerpt from a sworn statement Walley gave to his attorneys in connection with this action in which Walley testified that he moved to Mississippi in June 2010 (prior to this action being filed), that he lives and works in the general vicinity of Hattiesburg, Mississippi with his wife, that he has a Mississippi driver's license and is registered to vote in Mississippi, and that he intends to maintain his residence in Mississippi. Walley, then, has had a substantial physical presence in Mississippi since before the inception of this action and at the time of its removal to federal court.

Certainly, mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent. *Klinkhammer v. Anishinabe Legal Services, Inc.*, Civil No. 08-6320 (JNE/RLE), 2009 WL 2018792, at *4 (D.Minn. Jul. 10, 2009) (internal quotation marks and citations omitted). To acquire a new domicile, an individual need not intend to live in the new State permanently, but need only have an intention to remain there indefinitely, or the absence of any intention to go elsewhere. *Id*. The Court finds that Walley's actions – *i.e*. his decision to live, work, and vote in Mississippi – reveal that his current intention is to reside in

Mississippi for an indefinite time and that he is thus domiciled there. *See id.*[1] Accordingly, as there is complete diversity between the parties, the Court denies plaintiff's motion to remand.

II

Plaintiff moves to strike Walley's sworn statement (which plaintiff characterizes as a deposition even though it is entitled "Sworn Statement of Timothy Walley") on grounds that he was not notified of the sworn statement under various Arkansas Rules of Civil Procedure and he cannot respond to a partial statement. Plaintiff, however, does not adequately brief the applicability of the rules he cites and he does not explain how he is unable to offer a response to the portions of the sworn statement upon which State Farm relies. Accordingly, the Court will not strike Walley's statement.

Plaintiff also asks that he be provided the entire statement and not just the redacted version State Farm has submitted. Plaintiff, however, states he has asked for the statement by sending a Request for Production of Document to defendants. The Court will allow the discovery process to proceed and will not interfere with that process absent a motion to compel or some other suffficient reason.[2] Accordingly, the Court denies without prejudice plaintiff's motion for copy of statement.

III

For the foregoing reasons, the Court denies plaintiff's motion to remand [doc.#5], denies plaintiff's motion to strike [doc.#9], and denies without prejudice plaintiff's motion for copy of

---

[1] The fact that Walley may have "submitted to the jurisdiction of the Arkansas Insurance Commission and was sanctioned" does not show that Walley was a citizen or resident of Arkansas at the time of the filing of this action or on the date it was removed to federal court. Plaintiff also argues that Walley owns property in Arkansas, which Walley denies. Mere ownership of property in a state does not by itself establish domicile in that state.

[2] The Court notes that a Final Scheduling Order establishing discovery dates has not yet been entered.

statement [doc.#9].

IT IS SO ORDERED this 15TH day of April 2011.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE