IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM DON SMITH, | * |
| | * |
| Plaintiff, | * |
| vs. | *   No. 4:11-cv-00079-SWW |
| | * |
| | * |
| TIMOTHY WALLEY and | * |
| STATE FARM FIRE AND CASUALTY | * |
| COMPANY, | * |
| | * |
| Defendants. | * |

ORDER

Plaintiff William Don Smith brings this action for civil damages against Timothy Walley and State Farm Fire and Casualty Company (State Farm) alleging that he began investing in State Farm at the behest of Walley, at the time an agent for State Farm, but that he subsequently learned in 2010 that Walley was operating a "Ponzi/Madoff scheme under State Farm's umbrella." Plaintiff asserts fraud, tort of outrage, breach of contract, and Arkansas's crime victims civil liability statute (Ark. Code Ann. § 16-118-107) against Walley, and breach of contract, negligence, negligent supervision, and negligent retention against State Farm.

The matter is before the Court on motion of State Farm for a protective order [doc.#20]. Plaintiff has responded in opposition to State Farm's motion and State Farm has filed a reply to plaintiff's response. For the reasons that follow, the Court grants State Farm's motion for a protective order.

I.

According to State Farm, plaintiff has propounded a set of interrogatories and Requests for Production of Documents to State Farm that contains several broad requests, including

requests for the production of the following: (1) "all documents involving Tim Walley or any business he owns, including all files and investigations;" (2) " all documents involving Tim Walley and Fannie Burks, including copies of any checks and settlement documents;" (3) "all employment files, personnel files, evaluations, etc. regarding Tim Walley;" (4) "all correspondence between Defendant State Farm and Tim Walley;" (5) "all checks written to Tim Walley from Defendant State Farm;" and (6) "all evaluations, complaints, or any documents involving Tim Walley." State Farm argues that some information sought by plaintiff includes private and confidential information regarding State Farm customers and other non-parties to this litigation such as addresses, phone numbers, drivers' license numbers, social security numbers, bank account numbers, insurance policy numbers, etc., and that other information sought in discovery is confidential and proprietary, *i.e*. State Farm's business records, payroll records, internal auditing reports and investigations, and personnel-type records as well as tax and financial information regarding Walley and non-parties to this litigation. State Farm requests that the Court enter a protective order that: (1) limits disclosure of the confidential information including redaction where proper; and (2) precludes the use of the confidential information disclosed for any purpose other than the prosecution or defense of this litigation. State Farm has submitted a proposed protective order for the Court's approval (attached to this Order as an Appendix).

      Plaintiff opposes State Farm's motion for a protective order.  Plaintiff argues State Farm simply does not want the Arkansas Insurance Commission and the general public to know about its attempts to cover up Walley's fraud and that State Farm's motion has nothing to do with being concerned about the disclosure of financial information regarding the fraud.  Plaintiff notes

that Walley is now deceased and that before he died he did not ask for a protective order in regard to the discovery plaintiff sent both defendants. Plaintiff states that there is not any confidential information in regard to State Farm that plaintiff seeks but that its discovery requests only apply to Walley and another customer that State Farm paid. Plaintiff states that he does not seek confidential information of the customer other than information regarding the fraud and how much the customer received, including releases, settlement agreements, etc., but that he only seeks information related to State Farm's negligent supervision and the cover-up of Walley's fraud. Plaintiff states that the law enforcement authorities and the public have a right to know this information, and that State Farm's argument that a protective order should be entered regarding Walley's fraud should be denied as there is not any private or confidential information plaintiff seeks other than the individuals involved with the fraud of Walley. Plaintiff states that State Farm is attempting to have the Court protect it from having to disclose what it knew in regard to Walley and which customers it paid that were defrauded by Walley.

In reply, State Farm denies that the documents it seeks to produce under a protective order would support plaintiff's allegation that State Farm attempted to cover up Walley's alleged fraud and notes that plaintiff has no evidence of such.[1] State Farm argues that it is requesting a protective order as a means to protect the privacy of those who are not parties to this litigation and to preclude the use of confidential information for purposes other than the prosecution or defense of the current litigation. State Farm notes that many documents that are relevant to this case and responsive to plaintiff's broad Requests for Production (*i.e.* "all documents involving Tim Walley or any business he owns, including all files and investigations") call for the

---

[1] State Farm notes that it participated in the Arkansas Department of Insurance's investigation of Walley and responded to its request for information during its investigation.

production of documents and information that should not be subject to disclosure to the general public. State Farm states that it is willing to disclose, under the protections of a protective order, documents that discuss claims of wrongdoing against non-parties carried out by Walley but that it requests that discovery of the details of any settlement State Farm may have entered into with a non-party to this litigation not be had.

II.

A.

Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> A party or any person from whom discovery is sought may move for a protective order.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> . . .
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> . . .
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

The party requesting the protective order has the burden of making a good cause showing that the information being sought falls within the scope of Rule 26(c) and that he will be harmed by its disclosure. *Helmert v. Butterball, LLC*, No. 4:08cv00342 JLH, 2008 WL 5111162, at *2 (E.D.Ark. Dec. 3, 2008); *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 n. 5 (8th Cir.1979). "'The party must make a particular request and a specific demonstration of facts in

support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.'" *Helmert*, 2008 WL 5111162, at *2 (quoting *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C.1991) (citing *Gulf Oil v. Bernard,* 452 U.S. 89, 102 n.16 (1981)). "Requiring such a showing 'furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts.'" *Id.*

B.

The Court finds that State Farm has established good cause for the issuance of a protective order. Plaintiff has not presented any evidence that State Farm is attempting with a protective order to cover up Walley's alleged fraud and State Farm notes that if that is plaintiff's concern, the Arkansas Department of Insurance could be listed as a proper party that is allowed to receive the documents disclosed. Beyond that, the Court finds, and plaintiff does not argue to the contrary, that State Farm's business records, payroll records, internal auditing reports and investigations, and personnel-type records as well as tax and financial information regarding Walley and non-parties to this litigation is confidential and proprietary information that should be subject to a protective order. The Court additionally finds that the addresses, phone numbers, drivers' license numbers, social security numbers, bank account numbers, insurance policy numbers, etc. regarding State Farm customers and other non-parties to this litigation is private and confidential information that likewise should be subject to a protective order. The Court has previously found that protecting the privacy interests of individuals who might be the subject of intrusive and embarrassing discovery is good cause under Rule 26(c) for issuing a protective order, *see Jones v. Clinton*, 12 F.Supp.2d 931, 934 (E.D.Ark. 1998), and the protective order

Case 4:11-cv-00079-SWW   Document 26   Filed 07/26/11   Page 6 of 10

proposed by State Farm will serve to protect the privacy rights of those who are not parties to this litigation by limiting or prohibiting disclosure of confidential information and to preclude the use of confidential information for purposes other than the prosecution or defense of the current litigation.[2]

III.

For the foregoing reasons, the Court grants State Farm's motion for a protective order [doc.#20] and will sign and enter as a separate docket entry the proposed protective order attached to this Order as an Appendix.

IT IS SO ORDERED this 26th day of July 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is not precluded from seeking the intervention of the Court should he feel that certain matters do not fall under the rubric of the protective order or that State Farm is otherwise construing the protective order too broadly in regards to certain matters.

# **APPENDIX**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DON SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:11-cv-00079-SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| TIMOTHY WALLEY and | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| | * | |
| Defendants. | * | |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

Plaintiff, William Don Smith, has sought and will seek from Defendant State Farm Fire & Casualty Company (hereinafter State Farm) the discovery of certain information which State Farm considers to be trade secrets and/or confidential or proprietary information. Pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure:

**IT IS HEREBY ORDERED THAT**:

1. This Order shall govern the handling, disclosure and disposition of all documents and information, depositions, interrogatory answers and admissions responses in this action (hereinafter referred to as the "Discovery Material").

2. State Farm may designate by written notice, either incorporated in the matter

disclosed or separately, any Discovery Material as "Confidential" if it believes that such material contains or reflects its trade secrets and/or other confidential or proprietary information. All documents and information as they are reviewed for inspection or copying by Plaintiff are subject to confidentiality under the terms of this Order, and the designation and marking of any documents and information as "Confidential" may be done by State Farm as part of the photocopying process. State Farm may designate information disclosed in depositions as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. State Farm may also designate information disclosed in depositions as "Confidential" by notifying Plaintiff in writing within ninety (90) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." All deposition transcripts shall be treated as "Confidential" from the time taken until ninety (90) days after receipt of the transcript.

    3. Discovery Material designated as "Confidential" by State Farm may be used by Plaintiff only for purposes of preparing for and conducting pretrial and trial proceedings in this action. "Confidential" Discovery Material, and information derived therefrom, shall be shown only to Plaintiff and Plaintiff's counsel of record in this action and may be disclosed by such counsel only to the following persons:

    a. Counsel for Plaintiff, employees or independent contractors of such counsel, and experts or consultants working with such counsel, as are required to assist in the preparation or conduct of this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advised that they are bound by it.

    b. Officers, employees, agents or representatives of Plaintiff who are actually

engaged in preparing for or conducting pretrial or trial proceedings in this action, but only to the extent necessary to do so; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advised that they are bound by it.

      c.  Persons whose depositions are being taken or who are witnesses at any hearing or trial conducted by the Court in this action; provided that, before being shown any "Confidential" Discovery Material, such persons shall be given a copy of this Order, and advised that they are bound by it.

      d.  This Court or any other court before which this action is pending, including any Court personnel, jurors, and all other persons lawfully present in the Court proceeding.

    4.  Any person having access to "Confidential" Discovery Material shall be prohibited from disclosing any such information to any other person except as provided herein, and each such person shall take appropriate measures to safeguard the confidentiality of the "Confidential" Discovery Material to prevent the willful or inadvertent disclosure thereof and to assure that the provisions of this Order are accomplished.

    5.  Plaintiff shall not file any "Confidential" Discovery Material with the Court without first giving ten (10) business days' actual notice to State Farm of Plaintiffs intent to do so and an itemization (by Bates number, deposition transcript page, deposition exhibit number, or other identification) of the "Confidential" Discovery Material proposed to be filed.  If State Farm moves for a permanent or temporary sealing order under Federal Rule of Civil Procedure 26(c) within such ten (10) day period, then Plaintiff may not file any such "Confidential" Discovery Material with the Court until the Court disposes of such sealing motion unless Plaintiff's rights will be prejudiced by the delay, in which case Plaintiff may file such "Confidential" Discovery

Material under seal, per the terms of this Order, for presentation to the Court pending resolution of the motion for permanent or temporary sealing order.

**OR**

Any designation of confidentiality by State Farm under this Order shall not restrict the use of "Confidential" Discovery Material at trial or in connection with motions, hearings, or other communications with the Court in this action; provided that, "Confidential" Discovery Material or any pleading, motion or other paper containing or revealing "Confidential" Discovery Material shall be treated as confidential and filed by Plaintiff under seal.

6. State Farm is authorized to redact from any "Confidential" Discovery Material produced all identifying and private information regarding non-parties to the litigation (including names, policy numbers, account numbers, contact information, and banking/loan institutions used).

7. Nothing in this Order shall prevent or prohibit State Farm from seeking additional protection as it deems necessary for protection of "Confidential" Discovery Material in this section.

8. This Order is without prejudice to State Farm's right to bring before the Court at any time other objections to the production of any Discovery Material.

_____
JUDGE

_____
DATE