IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM DON SMITH, | * |
| | * |
| Plaintiff, | * |
| vs. | * No. 4:11-cv-00079-SWW |
| | * |
| | * |
| TIMOTHY WALLEY and | * |
| STATE FARM FIRE AND CASUALTY | * |
| COMPANY, | * |
| | * |
| Defendants. | * |

## ORDER

Plaintiff William Don Smith brings this action for civil damages against Timothy Walley and State Farm Fire and Casualty Company (State Farm) alleging that he began investing in State Farm at the behest of Walley, at the time an agent for State Farm, but that he subsequently learned in 2010 that Walley was operating a "Ponzi/Madoff scheme under State Farm's umbrella." Plaintiff asserts fraud, tort of outrage, breach of contract, and Arkansas's crime victims civil liability statute (Ark. Code Ann. § 16-118-107) against Walley, and breach of contract, negligence, negligent supervision, and negligent retention against State Farm.[1]

By Order entered July 26, 2011 [doc.#26], the Court granted State Farm's motion [doc.#20] for a Protective Order and that same day entered a Protective Order Regarding Confidential Information [doc.#27]. Subsequently, the parties encountered difficulties with discovery and filed the following motions: (1) Plaintiff's first motion to compel w/brief incorporated [doc.#29]; (2) Plaintiff's second motion to compel [doc.#30]; and (3) State Farm's

---

[1] The parties have informed the Court that Walley died apparently of a heart attack following the filing of this action.

motion to exclude evidence of its settlement with Fannie Burks and brief in support [doc.#'s 35, 36]. State Farm filed a response and brief in support to Plaintiff's motions to compel [doc.#'s 31, 32] and Plaintiff filed a reply to State Farm's response [doc.#33], a supplemental brief in support of Plaintiff's first and second motions to compel [doc.#41], and a response to State Farm's motion to exclude evidence of its settlement with Fannie Burks [doc.#42].

The Court commenced a telephone conference on these motions on the afternoon of September 26, 2011, but it soon became apparent that a live hearing would be required to adequately address the parties' discovery disputes. That hearing was held on the afternoon of October 11, 2011.

For reasons stated from the bench at the conclusion of the hearing, IT IS HEREBY ORDERED that:

(1) Defendant State Farm's motion to exclude evidence of its settlement with Fannie Burks [doc. #35] is DENIED WITHOUT PREJUDICE.

(2)  Plaintiff's first and second motions to compel [doc. #'s 29, 30] are GRANTED as follows:  (a) Defendant State Farm is directed to prepare a privilege log as to matters it deems protected under the attorney client privilege or work product doctrine and shall submit the privilege log to opposing counsel; (b) Defendant State Farm is directed to provide Plaintiff un-redacted copies of documents concerning Walley and other State Farm customers or purported customers;[2]  and (c) Defendant State Farm is directed to provide Plaintiff a copy of its settlement

---

[2] As stated from the bench, the identities of third parties who had dealings with Walley will not be revealed without leave of Court.

agreement/release concerning Fannie Burks.[3]

      IT IS SO ORDERED this 13th day of October, 2011.

                                            <u>/s/Susan Webber Wright</u>

                                            UNITED STATES DISTRICT JUDGE

---

[3] As stated from the bench, the Court makes no ruling at this time regarding the admissibility of the Fannie Burks' settlement agreement. However, the Court finds that the agreement is relevant and reasonably calculated to lead to the discovery of admissible evidence.